UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| COREY BURRELL BROWN, | § | |
| TDCJ #00649267, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-338 |
| | § | |
| LORIE DAVIS, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER

The petitioner, Corey Burrell Brown (TDCJ #00649267), is a state prisoner incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). He filed a petition for a writ of habeas corpus to challenge a state court conviction under 28 U.S.C. § 2254, and the Court transferred the petition to the Eastern District of Texas, Sherman Division because Brown was convicted in Grayson County. *See* 28 U.S.C. § 124(c)(3). Brown has filed a motion asking the Court to evaluate his petition under 28 U.S.C. § 2241 instead of 28 U.S.C. § 2254 (Dkt. 11); he argues that the Court must do this because the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "did not alter or amend [Section] 2241" (Dkt. 11 at p. 2).

The Court will deny the motion. Brown has filed at least one petition under Section 2254 challenging his conviction, and his conviction is 24 years old. *See* Eastern District of Texas Case Number 4:96-CV-36. It is evident that Brown is attempting to proceed under Section 2241 in order to avoid the statutory restrictions on successive

Section 2254 petitions[1] and the AEDPA's statute of limitations.[2] That will not work: as a scholarly opinion by Judge Lake points out, "a state prisoner may not use [Section] 2241 to circumvent procedural hurdles to review under [Section] 2254." *Major-Davis v. Stephens*, No. H–15–2373, 2015 WL 5093237, at *1 & n. 2 (S.D. Tex. Aug. 28, 2015) (citing cases). Because Brown challenges a state court judgment and seeks his immediate release from confinement, the petition is governed by Section 2254, not Section 2241, regardless of how Brown styles it. *Id*.

Brown's motion requesting the Court to rescind its determination that Section 2254 applies (Dkt. 11) is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 9th day of May, 2017.

_____
George C. Hanks Jr.
United States District Judge

---

[1] *See* 28 U.S.C. § 2244(b).
[2] *See* 28 U.S.C. § 2244(d).